## Ford Motor Co., Appellant, *v.* Quinn.

*Contract—Sales—Illegal contract—Public policy—Restraint on resale.*

A contract between a corporation manufacturing automobiles and a retail dealer, whereby the corporation, in connection with absolute sales of its products, attempts to control the resale price of all sales by the dealer, is a restraint of trade, invalid both at common law, and so far as it affects interstate commerce under the Sherman Anti-Trust Act of July 2, 1890. Thus a purchaser from a dealer at a price less than the list price fixed in the contract between the manufacturing company and the dealer, may maintain title against the company although he has received no bill of sale from the company, as provided by such contract, and the contract stipulates that the company shall retain title until such bill of sale has been given.

Argued April 15, 1918. Appeal, No. 73, April T., 1918, by plaintiff, from judgment of C. P. Cambria Co., June T., 1916, No. 550, for defendant n. o. v. in case of Ford Motor Company v. J. J. Quinn. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Verdict—Opinion of the Court. [70 Pa. Superior Ct.

Replevin for an automobile. Before STEPHENS, P. J.

At the trial the jury returned a verdict for plaintiff for $404.68. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Charles C. Greer,* with him *Alfred Lucking* and *L. B. Robertson,* for appellant.—We believe that the form of the contract in the case at bar should be governed by the principles enunciated in the case of Cole Motor Company v. Hurst, 228 Fed., and of Bement v. National Harrow Co., 186 U. S. 70.

*George E. Wolfe,* for appellee.—The contract involved an illegal restraint of trade: U. S. v. Keystone Watch Case Co., 218 Fed. 502; Victor Talking Machine Co. v. Strauss, 225 Fed. 524; Waltham Watch Co. v. Keene, 202 Fed. 225; Bobbs-Merrill Co. v. Strauss, 210 U. S. 339; Dr. Miles Medical Co. v. Park & Sons Co., 220 U. S. 409.

OPINION BY WILLIAMS, J., July 10, 1918:

This was an action in replevin, for a car, in which defendant claimed title by purchase from plaintiff's agent. Plaintiff claimed the transfer was a conditional sale.

The court below, after directing a verdict for plaintiff, entered judgment n. o. v. for defendant because the restrictions upon the agent's power to pass title were contrary to public policy and unenforceable against third parties.

Section 12, of the contract between plaintiff and its agent, provides: "First party (Ford company) shall retain all and complete title to each automobile until actual bill of sale, signed and executed by the first party, has been delivered to the vendee, who shall be only a user; that is, one who has purchased for immediate use and not for resale the Ford automobile, at full adver-

tised list price plus freight and delivery charges, and said United States tax or excise, if any, and without rebate, donation or drawback of any character whatsoever. And any attempt to sell or dispose of or deliver any Ford automobile at less than such price shall be utterly void and shall pass no title."

The automobile in question had been purchased at less than list price by defendant from plaintiff's agent, Boucher, who had paid the full agent's price, eighty-five per cent. of the list price, to Stahl, plaintiff's wholesale agent.    No bill of sale was given defendant by plaintiff.

Did defendant get title despite the breach of the contract?

In Ford Motor Co. v. Union Motor Sales Co., 244 Fed. 156, the same contract was under consideration.   The court held that a system of contracts between a manufacturer and retail dealers, whereby it, in connection with absolute sales of its products, attempts to control the resale price for all sales, by all dealers, is a restraint of trade, invalid both at common law, and, so far as it affects interstate commerce, under the Sherman Anti-Trust Act of July 2, 1890.

An issue similar to that in the present case is referred to in U. S. v. United Shoe Machinery Co., U. S. Supreme Ct. Advance Opinions (1917) 543, by Justice McKENNA, as follows: "......he (the patentee) may keep his invention out of use.   Therefore, he necessarily has the power of granting it to some and withholding it from others, a right of selection of persons and terms.   There is, however, a limitation upon him; he cannot grant the title and retain the incidents of it: Straus v. Victor Talking Machine Co., 243 U. S. 490; Bauer & Cie v. O'Donnell, 229 U. S. 1; Motion Pictures Patent Co. v. Universal Film Mfg. Co., 243 U. S. 502.   These cases have received review and application in the recent case of Boston Store of Chicago v. American Graphophone Co., and Columbia Graphophone Co., decided March 4, 1918. The principle of them was expressed to be that

where an article has been sold it passes beyond the monopoly given by the patent and conditions cannot be imposed upon it."

The case of Ford Motor Co. v. Boone, 244 Fed. 335, is strongly urged upon us as a construction favorable to the Ford company under the same contract.    The court held that a sale like the present one was conditional and title did not pass until the full consideration was furnished, viz: the payment of eighty-five per cent. of the list price, and the performance of the conditions of the contract.    This holding was grounded upon the proposition that the resale condition was valid.    With this conclusion we cannot agree.    The weight of authority is with the holding in Ford Motor Co. v. Union Motor Sales Co., supra.

The judgment is affirmed.